THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| JANAINA FONSECA, | ) |
| | ) |
| Plaintiff, | )   9:15-cv-80410 |
| | ) |
| v. | ) |
| | ) |
| FOCUS FINANCIAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, JANAINA FONSECA, by and through her attorneys, THOMAS GIBBONS, ATTORNEY AT LAW, and for her Complaint against the defendant, FOCUS FINANCIAL SERVICES, the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. JANAINA FONSECA, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Boca Raton, County of Palm Beach County, State of Florida.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to South Florida Center for Gynecologic Oncology (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed South Florida Center for Gynecologic Oncology was for a medical bill relative to medical treatment obtained by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. FOCUS FINANCIAL SERVICES, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Florida. Defendant's principal place of business is located in the State of Florida.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

14. On or about August 22, 2014, Plaintiff received medical treatment from South Florida Center for Gynecologic Oncology; after insurance paid towards the medical treatment, a co-pay was allegedly owed by Plaintiff in the amount of $406.81.

15. On or about September 10, 2014, Plaintiff received a bill from South Florida Center for Gynecologic Oncology, which reflected a balance allegedly owed by Plaintiff in the amount of $406.81.

16. On or about October 1, 2014, Plaintiff received a second bill from South Florida Center for Gynecologic Oncology, which reflected a balance allegedly owed by Plaintiff in the amount of $406.81.

17. On or about November 14, 2014, Plaintiff received a third bill from South Florida Center for Gynecologic Oncology; in the bill Plaintiff received dated November 14, 2014, interest had been added to the bill in the amount of $40.68; as a result the total amount of the balance allegedly outstanding had increased to $447.49.

18. From August 22, 2014 through November 14, 2014, South Florida Center for Gynecologic Oncology added putative interest to Plaintiff's debt in the amount of $40.68.

19. On or about November 14, 2014, Plaintiff received a correspondence from South Florida Center for Gynecologic Oncology that informed Plaintiff that if her Debt was assigned to an outside collection agency, a 35% fee would be added to the balance of her Debt.

20. On or about December 3, 2014, Plaintiff made a payment towards the Debt in the amount of $50.00.

21. On or about March 11, 2015, South Florida Center for Gynecologic Oncology sent a further bill, which included additional interest in the amount of $156.62; as a result the total amount of the balance allegedly outstanding had increased to $554.11.

22. On or about January 16, 2015, Defendant mailed to Plaintiff a letter in which it apprised Plaintiff that it had been referred Plaintiff's debt for collection by South Florida Center for Gynecologic Oncology.

23. In the aforesaid letter mailed by Defendant to Plaintiff dated January 16, 2015, Defendant notified Plaintiff that the balance outstanding on the Debt was $748.04.

24. Upon information and belief, the balance of the Debt as represented by Defendant was the original amount of the debt (i.e., $406.81) minus the $50.00 payment made by Plaintiff on or about December 3, 2014, plus interest in the amount of $197.30 (allegedly accrued from August 22, 2014 through no later than the date of Defendant's January 16, 2015 correspondence) plus a 35% fee.

25. At not time did Plaintiff agree to the imposition of a collection fee of 35%.

26. At no time did Plaintiff agree to interest being charged at a rate that would result in $197.30 of interest accruing on a $406.81 debt over the period of less than six (6) months.

27. Neither the amount of the collection fee nor the interest being claimed as owed is expressly permitted by law.

28. Neither the amount of the collection fee nor the interest being claimed as owed is expressly permitted by the agreement creating the Debt.

29. By representing to Plaintiff that she owed $748.04, which comprises $197.30 of interest and a collection fee of 35%, Defendant misrepresented the character, amount, and/or legal status of the Debt.

30. Defendant's representation that Plaintiff owed $748.04 was false, deceptive and misleading given that Defendant was not legally entitled to collect the amount allegedly owed.

31. In its attempts to collect the debt allegedly owed by Plaintiff to South Florida Center for Gynecologic Oncology, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

 a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

 b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

 c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

 d. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

32. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

33. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JANAINA FONSECA, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

 a. All actual compensatory damages suffered;

 b. Statutory damages of $1,000.00;

 c. Plaintiff's attorneys' fees and costs;

 d. Any other relief deemed appropriate by this Honorable Court.

                                          Respectfully submitted,
                                          **JANAINA FONSECA**

                              By:    s/ Thomas Gibbons
                                          Attorney for Plaintiff

Dated: April 1, 2015

Thomas Gibbons  (490334)
Thomas Gibbons, Attorney at Law
3671 NW 114th Ave.
Coral Springs, FL  33065-2616
Direct Dial:   (954) 798-2516
Facsimile:    (888) 418-1277
E-Mail:        thomasjgibbons@gmail.com