THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| JANAINA FONSECA, | ) | |
| | ) | |
| Plaintiff, | ) | 9:15-cv-80410-WM |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Matthewman |
| FOCUS FINANCIAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF FACTS AND PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS PURSUANT TO RULE 56.1**

NOW COMES the Plaintiff, JANAINA FONSECA, by and through her undersigned counsel, and in response to Defendant's Motion for Summary Judgment, provides this response pursuant to Rule 56 of the Federal Code of Civil Procedure and supporting memorandum of law:

1. Plaintiff admits Defendant's Statement of Facts #1.

2. Plaintiff admits Defendant's Statement of Facts #2.

3. Plaintiff admits Defendant's Statement of Facts #3.

4. Plaintiff denies Defendant's Statement of Facts #4. See Plaintiff's Statement of Additional Facts (Hereinafter "SOAF") #'s 12 and 13.

5. Plaintiff admits Defendant's Statement of Facts insofar as Plaintiff testified that she signed the exhibits, but see SOAF # 1.

6. Plaintiff admits Defendant's Statement of Facts #6.

7. Plaintiff admits Defendant's Statement of Facts #7

8. Plaintiff admits Defendant's Statement of Facts #8. However, to the extent Defendant's statement suggests that Plaintiff was ignoring her obligations to pay this bill, see SOAF 2 through 5.

9. Plaintiff admits Defendant's Statement of Facts #9.

10. Plaintiff admits Defendant's Statement of Facts #10 insofar as she admits that she received and read the October 1, 2014 letter. Plaintiff admits that she did not make a payment immediately upon receiving the letter, but denies that no payment was made by Plaintiff on the account. See SOAF #4.

11. Plaintiff admits Defendant's Statement of Facts #11.

12. Plaintiff admits receiving the referenced letter, and admits that payment was made, but not "immediate" (see Plaintiffs SOAF #2 through 4).

13. Plaintiff admits Defendant's Statement of Facts #13.

14. Plaintiff admits Defendant's Statement of Facts #14.

15. Plaintiff admits that she never sent a written dispute to Defendant but denies that she never verbally disputed the balance. (See Plaintiff's SOAF #5.

**Plaintiff's Statement of Additional Facts (SOAF) Facts Pursuant to Fed.R.Civ. P. 56.**

1. On August 21, 204, Janaina Fonseca was diagnosed at a doctor appointment with a 14 cm. ovarian cyst and was pre-admitted to the hospital at the time she was completing the forms attached as Exhibits A and B to Defendant's motion. Thus, because of her mental state at the time, she does not remember reading the documents. See Deposition of Plaintiff, attached hereto as Exhibit A, p.13.

2. When Ms. Fonseca received the October 1, 2014 letter from SFCGO, she called SFCGO and was then informed that her insurance was not covering the charges. This was the

first time Ms. Fonseca dealt with having health insurance as she has always paid for medical expenses as they were incurred. She was advised by SFCGO to send the claim into her insurer, and Ms. Fonseca did that. Exhibit A, pp. 18-19.

3. When Ms. Fonseca received the November 14, 2014, she called her insurer again. She learned at that time that she was not covered for this bill. She then called SFCGO and spoke with a person she recalled as Victoria, and attempted to set up a payment plan. Exhibit A, pp.22-24.

4. Ms. Fonseca made a payment of $50 to SFCGO. Exhibit A, pp. 23-24.

5. After learning that she was not going to be able to make a payment arrangement with SFCGO, Ms. Fonseca contacted Defendant and spoke with a person she recalled as "Tiffany," whose information was provided by SFCGO. Exhibit A, p. 33. Ms. Fonseca attempted to make a payment arrangement to Defendant at that time, and was told by Tiffany that a payment arrangement would not work as the account was accruing interest on a daily basis. Exhibit A, pp. 35.

6. Randy Kovalsky is the director of Focus Financial, and runs the day to day operations of the company. See Deposition of Randy Kovalsky, attached hereto as Exhibit B, pp. 6-7.

7. Focus Financial specializes in medical collections. Exhibit B, p. 16. Its collectors are paid an hourly wage from $13-$17 per hour, plus they earn commission based upon the collection fees they collect. Exhibit B, p. 21. The fees of the clients of Focus Financial differ based upon the age of the debt and what kind of account it is. Exhibit B, p. 22.

8. SFCGO is what Defendant calls a "miscellaneous client." Exhibit B, p. 26, 37, 90. A miscellaneous client is one that sends accounts in by paper rather than electronically.

Exhibit B, p. 26. They are typically small clients that turn over about 24 accounts per year as opposed to the about 1,200 accounts other clients send. Exhibit B, p. 90. On average, SFCGO turns over less than a half dozen accounts per month to Focus Financial. Exhibit B, p. 31.

9. When SFCGO sends in accounts they send in actual paperwork. Any paperwork sent in is reviewed by Kovalsky to ensure that they have all documentation and patient signatures. Exhibit B, p. 26, 31-32.

10. The attached Exhibit D is the documents received by Defendant when the collection account of Janaina Fonseca was opened with Defendant. See attached Exhibit C and see Exhibit B p. 44 (identifying said documents as Kovalsky Deposition Exhibit D).

11. The document marked as Exhibit D3 at the deposition of Kovalsky was received by Defendant with the account, the handwriting at the bottom was provided by the client SFCGO. See Exhibit C, and See Exhibit B, p. 54.

12. SFCGA does not actually incur a 35% fee. It adds the collection fee to the account when they refer the account to Defendant. Exhibit B, pp. 46-47. On Exhibit C, the client wrote that the patient owed $356.81 plus interest. According to Kovalsky, the client added $40.68 (10% of the balance at the time) and $156.62 (35% of the new balance), and turned over an account of $544.11 for collections. Exhibit B, p. 54.

13. After receiving an account that included patient balance, plus an included 10% charge, plus an additional 35% collection fee Focus Financial then added on yet another 35% collection fee so that the total balance Defendant claimed Ms. Fonseca owed was $748. Exhibit B, pp.47, 72, 74-75. See letter sent from Defendant to Plaintiff attached hereto as Exhibit E.

14. The procedures Defendant has in place to assure compliance with the FDCPA in collecting the correct amount of the debt is to collect the client documents, review them,

determine if Focus Financial is charging interest or if the client added interest, and if there is a collection cost, that the consumer has agreed and signed for it. Exhibit B, p.70. They also review to make sure that the client has calculated the right numbers. Exhibit B, p. 71.

15. Defendant provided in its sworn answers to interrogatories that its reasonable procedures included relying upon the information provided by SFCGO when Plaintiff's account was placed for collection on January 15, 2015. Defendant claimed that if the information regarding the amount of the debt was inaccurate, it was based on a good faith mistake regarding the account information from the original creditor. See Defendants Supplemental Answers to Interrogatories, attached hereto as Exhibit C.

16. At no time did Ms. Fonseca sign any document or make any agreement to pay interest on the debts. Exhibit A, p. 32, 40, Exhibit B, pp. 48, 53, and see Defendant's Exhibits A & B.

                Respectfully submitted,
                **JANAINA FONSECA**

             By: ___s/ Thomas Gibbons___
               Attorney for Plaintiff

Dated: June 3, 2016

Thomas Gibbons  (490334)
Thomas Gibbons, Attorney at Law
9723 Tavernier Drive
Boca Raton, FL 33496
Direct Dial: (561) 997-4768
Facsimile: (888) 418-1277
E-Mail:  thomasjgibbons@gmail.com

**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| JANAINA FONSECA, | ) | |
| | ) | |
| Plaintiff, | ) | 9:15-cv-80410-WM |
| | ) | |
| v. | ) | |
| | ) | **Magistrate Judge Matthewman** |
| FOCUS FINANCIAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

**To:** Ernest H. Kohlmyer, III
Urban Thier & Federer, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL 32801

I, Thomas Gibbons, an attorney, certify that I shall cause to be served a copy of **Plaintiff's Response to Defendant's Statement of Facts and Plaintiff's Statement of Additional Facts Pursuant to Rule 56.1,** upon the above named individual(s) by: depositing same in the U.S. Mail box, prior to 5:00 p.m. on **June 3, 2016**, postage prepaid; messenger delivery; Federal Express; facsimile transmitted from (888) 418-1277; and/or via email, as indicated below.

|  |  |  |  |
|---|---|---|---|
| ____ | U.S. Mail | ____ | Facsimile |
| ____ | Messenger Delivery | _X_ | ECF |

Respectfully submitted,
**JANAINA FONSECA**

By: ___s/ Thomas Gibbons___
Attorney for Plaintiff

Dated: June 3, 2016

Thomas Gibbons  (490334)
Thomas Gibbons, Attorney at Law
9723 Tavernier Drive
Boca Raton, FL 33496
Direct Dial:    (561) 997-4768
Facsimile:     (888) 418-1277
E-Mail:         thomasjgibbons@gmail.com