THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| JANAINA FONSECA, | ) | |
| | ) | |
| Plaintiff, | ) | 9:15-cv-80410-WM |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Matthewman |
| FOCUS FINANCIAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES, the Plaintiff, Janaina Fonseca, by and through her attorneys, and in response to the Motion for Summary Judgment filed by Defendant, states as follows:

**I.      STANDARD OF REVIEW**

Summary Judgment is appropriate under Fed.R.Civ.P. 56(c) when the court, viewing the record as a whole and in the light most favorable to the non-moving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Clemons v. Dougherty County, Ga.*, 684 F.2d 1365 (11th Cir. 1982).  Once the moving party satisfies its burden, the burden of persuasion shifts to the non-moving party to establish the existence of a genuine issue of material fact.  The non-moving party must set forth specific facts showing a genuine issue of material fact.  *Celotex Corp v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986).  The court's role is to determine if there is sufficient evidence for a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2205 (1986).

## II.   ARGUMENT

### A. Assuming that a 10% Charge Was Properly Added On to the Principal Debt, and a 35% Fee Collection Fee was Properly Added on to the Principal Debt, Focus Financial Still Attempted to Collect Additional Improper Charges in Violation of 15 U.S.C. 1692e and 1692f.

Accepting Defendant's argument as true, that a 10% interest fee was authorized by the document signed by the Plaintiff, and a percentage-based collection fee of 35% was authorized by the documents, Defendant still attempted to collect more money than that which was owed. Defendant added a second 35% fee on top of the already added fee.

A collector violates the FDCPA when it lists an unauthorized collection fee in their communications with the consumer.  In so doing, a collector falsely represents the amount of the debt pursuant to 15 U.S.C. §1692e(2)(A). *Boatley v. Diem Corporation*, 2004 WL 5315892. Section 1692f prohibits unfair or unconscionable means of collection. Subsection (1) of this section specifically prohibits "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

In this case, Fonseca hastily agreed to sign a document that provided that she may be responsible for a "monthly service charge upon written notification." Def. Ex. B.  Thus, on October 1, 2014, SFCGO sent a letter to Ms. Fonseca warning that her balance of $406.81 was subject to a 10% interest charge. Def. Ex. C.  After that charge was added on, SFCGO sent Ms. Fonseca a letter on November 14, 2014 reflecting that the balance was $447.49.  In that letter, SFCGO warned that the account would be referred to collections, and at that time, a 35% fee would be added – the collection fee.  See Def. Ex. D.

The debt turned over to Focus Financial, and the documents provided to prove the debt, showed that $554.11 was tuned over to Focus Financial.  That is, the principal balance, a 10%

charge, and a 35% collection fee. Mr. Kovalsky testified that part of the process of taking in these miscellaneous clients' accounts is to see who is adding on the fee, the collector or the client. SOAF 14. In this matter, the client added the collection fee. SOAF 12, Defendant's SOF 13. Thus, seeing that the creditor added on the 35% collection fee that Focus charges this client, Focus then added an additional 35% collection fee. SOAF 12, 13. The $554.11 account that was turned over suddenly became $748. SOAF 13, Exhibit E.

This second 35% fee was not contemplated by any document signed by Ms. Fonseca. She may have subjected herself to a 10% service charge, and a collection fee that was added on before the account was turned over to Defendant, but the patient responsibility forms signed by Ms. Fonseca did not allow for a second 35% fee to be added by the collector. Therefore, Defendant is not entitled to summary judgment because there is a question of fact as to whether the second 35% fee added on by Defendant after the creditor added it on amounts to a misrepresentation of the amount of the debt and an attempt to collect an excessive amount.

**B. Defendant Cannot Charge a 35% Collection Fee to Plaintiff Because Such a Collection Fee Was Not Expressly Agreed Upon**.

While Ms. Fonseca did sign a document agreeing to pay a collection fee, she did not expressly agree to a charge of 35%, and therefore Defendant violated the FDCPA by attempting to collect such a charge. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as the use of "unfair or unconscionable" means of collection. 15 U.S.C. §§ 1692e, 1692f. A debt collector violates the FDCPA when it charges the debtor a collection fee based on a percentage of the principal balance of the debt due rather than the actual cost of collection. *Bradley v. Franklin Collection Service, Inc.*, 739 F.3d 606 (11th Circ. 2014).

Defendant cites to *Bradley* in its brief for the proposition that collection of a percentage-based collection fee is permissible under the FDCPA, but Defendant's reliance is misplaced. In *Bradley*, the plaintiff incurred a medical debt just as in the case at bar. Similarly, the plaintiff signed a patient responsibility form. However, that form stated that he would be responsible to pay collection costs. The collector added a 33-1/3 fee to the balance. Since the collection fee charged had no relation to the actual cost, adding a 33-1/3 fee was not authorized by the agreement. *Id* at 610. The court did state that a percentage based collection fee can be charged if agreed to, and Focus Financial focuses on that comment as authority for charging a 35% fee in this instance, though that amount was not part of any agreement.

The court in *Bradley* stated that it is the nature of the agreement that is important, not the amount of the fee. *Id*. at 610. The court pointed out that the co-plaintiff in the case agreed to pay a "reasonable collection fee" but that plaintiff failed to argue on appeal that this agreement did not cover a percentage-based collection fee. *Id* at 610. The court stated that an example of how a percentage based fee can be agreed upon appeared in the Seventh Circuit case of *Seeger v. AFNI*, Inc., 548 F.3d 1107, 1110, 1113 (7th Cir.2008). *Id* at 610. In that case, the agreement stated, "[y]ou agree to reimburse us the fees of any collection agency, which may be based on a percentage at a maximum of 33% of the debt, and all costs and expenses, including reasonable attorneys' fees, we incur in such collection efforts." *Seeger v. AFNI, Inc*., 548 F.3d 1107, 1110, 1113 (7th Cir.2008).

*Seeger* and *Bradley* hold that a percentage-based collection fee does not violate the FDCPA as long as it is expressly agreed upon. In the case at bar, a percentage-based collection fee was not expressly agreed upon. The patient responsibility form signed stated that she would be responsible for "any deductibles, co-insurance, charges and collection fees not covered by my

insurance carrier." Defendant's Exhibit B. The inclusion of collection fees in the above language does not contemplate that a patient could be held to a 35% fee or that is reasonably to be expected by the least sophisticated consumer. Rather, the language can suggest to a least sophisticated consumer that such fees would be related in some way to the time and/or expense involved in collections. Certainly, a percentage based fee was not expressly agreed upon by Ms. Fonseca. Therefore, Defendant is not entitled to summary judgment because a question of fact remains as to whether Focus Financial was allowed to charge a 35% collection fee.

### C. Defendant Cannot Avail Itself of the Bona Fide Error Defense.

Defendant pled the bona fide error defense as an affirmative defense, but has made no mention of it in its motion. Still, it bears mentioning that the defense would be of no avail here. A defendant asserting the bona fide error defense must show its violation of the FDCPA (1) was unintentional (2) was a "bona fide" error, and (3) occurred despite the existence of procedures reasonably adapted to avoid violations of the FDCPA. *Edwards v. Niagara Credit Solutions*, 584 F.3d 1350 (11th Circ. 2009).

In *Edwards*, the defendant failed to disclose in each telephone message left that the communications were an attempt to collect the debt, in violation of 15 U.S.C. 1692e(11). The court found that the defendant could not make the required first showing – that the violation was unintentional. The defendant acknowledged purposely not making the disclosure, but claimed to have done so to avoid violating another section of the FDCPA, section 1692c(b), prohibiting disclosure of the debt to third parties. *Id*. at 1353.

Similarly, in the case at bar, Focus Financial's violation was intentional. It received the debt, its people reviewed the amounts, checked over the paperwork, and then after seeing the 35% already added on, added an additional 35%. SOAF 12, 13. It was no error on the part of

Focus Financial. Defendant made a conscious decision to add an additional 35% onto the already inflated balance because it believed it could. Moreover, its collectors earn commission based upon the collection of fees. SOAF 7. A jury could reasonably believe that the added fee was motivated by the desire to maximize employee earnings. As such, there was no bona fide error.

Defendant provided in its sworn answers to interrogatories that its reasonable procedures included relying upon "the information provided by SFCGO when Plaintiff's account was placed for collection on January 15, 2015." Defendant claimed that if the information regarding the amount of the debt was inaccurate, it was based on a "good faith mistake regarding the account information from the original creditor." SOAF 15. While the FDCPA does not require that a debt collector verify debts from its clients before sending a demand to a debtor, a debt collector is still liable for sending a demand letter to a debtor that is inaccurate. *Carlisle v. National Commercial Services*, 2015 WL 4092817. A debt collector could still be liable under 1692e's provisions precluding a debt collector from attempting to collect an inaccurate debt, even if the FDCPA does not explicitly require that the debt collector verify the debt before sending a demand. *Hepsen*, 383 F. App'x at 882.

In the case at bar, SFCGO is what Defendant refers to as a "miscellaneous client" which is one that sends in fewer accounts. SOAF 8. They receive a half-dozen accounts per month. The accounts come in paper as opposed to electronically. SOAF 9. While Focus Financial provided in written discovery that it relied upon its client, Kovalsky provided slightly deeper insight. The procedures in place are to manually review the documents provided to them, check all the documents and make sure they can collect the fees. They also check over the client's

numbers and make sure they calculated correctly, and looked to see who was adding on the added interest.  SOAF 14.

Focus Financial's conduct in adding a second collection fee and attempting to charge interest were not bona fide errors despite the maintenance of reasonable procedures.  Despite the fact that the only procedure stated it to rely on the creditor, and looking at paperwork, Defendant did not follow its own procedure.  If Focus Financial actually reviewed the documents and checked its client's numbers, it would have seen that the collection fee of the client was already charged, and that no further interest could be added on.  Either that, or Defendant made the conscious decision to add the additional fee despite knowing that the 35% fee was added already.  As such, the bona fide error defense, though not provided as a basis for Defendant's Motion for Summary Judgment, would be of no avail to Defendant.

### III.   CONCLUSION

Focus Financial received a debt that had the purported collection fee of 35% already added on.  When it added a fee a second time, it attempted to collect amounts in excess of the debt and misrepresented the debt in violation of 15 U.S.C 1692e and 1692f.  Moreover, the collection of 35% as a fee was not even expressly agreed upon in the underlying agreement with the original creditor, and therefore was improper.  Questions of fact exist on these issues such that summary judgment at this stage is improper.

WHEREFORE, the Plaintiff, JANAINA FONSECA, by and through her attorneys, respectfully prays that this Honorable Court deny Defendant's Motion for Summary Judgment.

                                        Respectfully submitted,
                                        **JANAINA FONSECA**

                              By:  <u>  s/ Thomas Gibbons         </u>
                                      Attorney for Plaintiff

<u>Dated: June 3, 2016</u>

Thomas Gibbons  (490334)
Thomas Gibbons, Attorney at Law
9723 Tavernier Drive
Boca Raton, FL 33496
Direct Dial:    (561) 997-4768
Facsimile:    (888) 418-1277
E-Mail:    thomasjgibbons@gmail.com

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| **JANAINA FONSECA,** | ) | |
| | ) | |
| Plaintiff, | ) | 9:15-cv-80410-KAM |
| | ) | |
| v. | ) | |
| | ) | **Magistrate Judge Matthewman** |
| **FOCUS FINANCIAL SERVICES,** | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

**To:** Ernest H. Kohlmyer, III
Urban Thier & Federer, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL 32801

I, Thomas Gibbons, an attorney, certify that I shall cause to be served a copy of **Plaintiff's Memorandum of Law in Support of Her Response to Defendant's Motion For Summary Judgment,** upon the above named individual(s) by: depositing same in the U.S. Mail box, prior to 5:00 p.m. on **June 3, 2016**, postage prepaid; messenger delivery; Federal Express; facsimile transmitted from (888) 418-1277; and/or via email, as indicated below.

    ____ U.S. Mail                                      ____ Facsimile
    ____ Messenger Delivery                       _X_ ECF

                                                       Respectfully submitted,
                                                       **JANAINA FONSECA**

                                     By: _s/ Thomas Gibbons_
                                                Attorney for Plaintiff

Dated: June 3, 2016

Thomas Gibbons  (490334)
Thomas Gibbons, Attorney at Law
9723 Tavernier Drive
Boca Raton, FL 33496
Direct Dial:   (561) 997-4768
Facsimile:     (888) 418-1277
E-Mail:        thomasjgibbons@gmail.com